IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DARBIN LARA PINEDA, Petitioner, v. ROBERT GUADIAN, *et al.*, Respondents. | ) | 1:26-cv-2657 (AJT-WBP) |

**ORDER**

Before the Court is Darbin Lara Pineda's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, filed on August 19, 2026.

Petitioner is a native and citizen of Honduras, who entered the United States without inspection in 2019. [Doc. No. 1] ¶¶ 10, 16. Petitioner was previously detained in 2021, following which, he was released on an Order of Supervision ("OSUP") in 2021. *Id.* ¶ 18. Petitioner pursued withholding of removal and was denied relief by an immigration judge on April 20, 2021. *Id.* Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals, and then filed a Petition for Review before the Third Circuit. [Doc. No. 4-3]. Thereafter, Petitioner's case was remanded to the immigration judge to make additional factual findings and reassess Petitioner's eligibility for protection under CAT, which remains pending before the immigration judge. *Id.* On July 23, 2026, Petitioner was arrested and taken into civil immigration custody, and Respondents revoked Petitioner's OSUP pursuant to 8 C.F.R. § 241.4(l)(2). [Doc. No. 1] ¶¶ 21, 24; [Doc. No. 4]. Petitioner is currently detained at the Farmville Detention Center. [Doc. No. 1] ¶ 20.

In Count I of the Petition, Petitioner claims that the revocation of his OSUP violates the

INA Regulations, 8 C.F.R. §§ 241.4(*l*). [Doc. No. 1]. The *Accardi* doctrine requires an agency to follow its own procedures and regulations. *See Nader v. Blair*, 549 F.3d 953, 962 (4th Cir. 2008) ("[W]hen an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid.").

On August 25, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez Mendez v. Mullin*, No. 1:26-cv-1881 (E.D. Va. Aug. 4, 2026), Dkt. No. 8, or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez Mendez*, that the revocation of Petitioner's OSUP violates the INA Regulations, 8 C.F.R. §§ 241.4(*l*). Accordingly, the Petition is **GRANTED** and it is hereby

**ORDERED** that Petitioner be **RELEASED** from custody immediately subject to his 2011 Order of Supervision, which may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13.

The Clerk is directed to send this Order to all counsel of the record, and to terminate the case.

August 27, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge